IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

KELVIN FRAZIER,
    Plaintiff,

vs.                               Case No. 3:09cv400/MCR/MD

WALTER MCNEIL et al.
    Defendants.

## REPORT AND RECOMMENDATION

Plaintiff in this cause has filed a pleading entitled "Administrative Complaint" with a caption indicating that it was to be filed in the Florida Department of Corrections. Although plaintiff complains of the conditions of his confinement within the prison system, which under some circumstances could give rise to a claim under 42 U.S.C. § 1983, clearly the document was filed with this court in error. No *in forma pauperis* application was filed, and the jurisdictional statement on the first page cites § 112.533(1), Florida Statutes.[1] Additionally, court records reflect that plaintiff has filed a significant number of civil rights cases in the federal courts such that he would surely be aware of procedural requirements including the use of the proper civil rights form for § 1983 cases. (See Case 3:03cv8/RH/MCR and cases cited therein; 3:06cv347/LAC/EMT; 3:07cv273/LAC/MD, 3:08cv398/LAC/MD).

---

[1] Fla. Stat. § 112.533 provides for internal investigations of law enforcement and correctional officers by their respective agencies.

Accordingly, it is respectfully RECOMMENDED:

That this cause be dismissed without prejudice so that plaintiff may pursue his complaint in the proper forum.

At Pensacola, Florida, this 14th day of September, 2009.

/s/ *Miles Davis*
 MILES DAVIS
 UNITED STATES MAGISTRATE JUDGE

## NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings.** *See* **28 U.S.C. § 636;** ***United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).**